# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:25-CV-00178-KDB-SCR

| | |
|---|---|
| **JORDAN DUBLIN,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **WELLS FARGO BANK N.A.,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed his expected income, and he does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint after conducting that review.

## I. Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id.* In his IFP motion, Plaintiff states that he lives on disability income and that he does not otherwise have assets that would allow him to

1

pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this Complaint, Pro se Plaintiff Jordan Dublin asks the Court to vacate an arbitration award dated July 9, 2025. Doc. No. 1 at 4. He claims that the arbitration denied him "any hearing or opportunity to present evidence," and that the arbitrator "relied on falsified account documents," which resulting in Defendant receiving an award "procured by undue means" in violation of 9 U.S.C. §§ 10 and 12. *Id.*

9 U.S.C § 10 allows a court in the "district wherein the award was made" to vacate an award, "where the award was procured by corruption, fraud, or undue means, … where there was evident partiality or corruption in the arbitrators, … where the arbitrators refus[ed] to hear evidence pertinent and material to the controversy, … [and] where arbitrators exceed their powers …." Plaintiff has not alleged that the Western District of North Carolina is the district wherein the

arbitration award was made. Further, Plaintiff has alleged no facts in support of his conclusory allegations that the award was procured by undue means, or that the arbitrator refused to hear any pertinent evidence from Plaintiff.

Plaintiff also alleges the arbitration award was issued July 9, 2025. Doc. No. 1 at 4. 9 U.S.C. § 12 gives a party three months to file a motion to vacate an arbitration award. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate … must be served upon the adverse party … within three months after the award is filed or delivered."); *see also First Kuwaiti Gen. Trading & Contracting W.L.L. v. Kellogg Brown & Root Int'l, Inc.,* 141 F.4th 522 (4th Cir. 2025) (holding that a motion to vacate an arbitration award filed more than three months after the award was delivered was untimely and properly denied by the district court). Plaintiff's Motion comes more than three months after the July 9 award and is therefore untimely–in addition to failing to state a claim under 9 U.S.C. § 10. Accordingly, the matter must be dismissed.

### III.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 28, 2025

Kenneth D. Bell
United States District Judge