IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00178-KDB-SCR

| | |
|---|---|
| JORDAN DUBLIN, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK N.A., <br><br> Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Jordan Dublin's Motion for Reconsideration (Doc. No. 9) pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Although the Motion is styled as a Motion for Reconsideration of the Clerk's Judgment, Dublin appears to be asking the Court to reconsider its Order allowing him to proceed in forma pauperis but dismissing his Complaint. *See* Doc. No. 7. Specifically, Dublin alleges the Court dismissed his complaint "without adequate judicial review" and failed to "offer [him] leave to amend."[1] Doc. No. 9 at 1, 13. The Court has carefully considered this motion, which, for the reasons discussed below, will be **DENIED**.

I.     LEGAL STANDARD

Rules 59(e) and 60(b) permit a court to "alter or amend" or correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Dublin attaches what appears to be an Amended Complaint to his Motion.

1

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 59(e) governs requests to "alter or amend a 'judgment,'" which is defined by Rule 54(a) as "a decree and any order from which an appeal lies." *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a). "Rule 59(e) is ... applicable only to a final judgment," *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991), which of course includes an order dismissing an action.

The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). However, "mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019); *Hutchinson*, 994 F.2d at 1082. Finally, a district court's decision on a motion for reconsideration is reviewed "for abuse of discretion[,]" and the Fourth Circuit has noted that granting such a motion under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

## II. DISCUSSION

Briefly, Dublin alleges that between 2019–2023, multiple business and personal accounts were created with Defendant Wells Fargo in Dublin's name without his consent. Further, he

contends that in 2024, Wells Fargo improperly checked Dublin's credit report in connection with a loan application for a Dodge Durango, an application which Dublin alleges he did not write. Doc. No. 9-1 at 70. Ultimately, Dublin and Wells Fargo proceeded to arbitration on Dublin's claims that Wells Fargo violated the Fair Credit Reporting Act, North Carolina Unfair and Deceptive Trade Practices Act, Telephone Consumer Protection Act, and other claims. Doc. No. 9-1. On July 9, 2025, the arbitrator entered an award in Wells Fargo's favor on all claims. *See* Doc. Nos. 1, 9-1.

More than three months later, on October 24, 2025, Dublin filed a Complaint, a Motion to Proceed In Forma Pauperis ("IFP") and a Motion to Vacate Arbitration Award. The Court granted the IFP motion but dismissed the Complaint for failure to state a claim. Specifically, the Court held dismissal was warranted because: (1) under 9 U.S.C. § 10, a motion to vacate an arbitration award must be filed in the district where the award was made, and Dublin alleged the arbitration was seated in Cabarrus County; and (2) under 9 U.S.C. § 12, such a motion must be served within three months of the award, yet Dublin filed this matter–an action which necessarily precedes service–outside that statutory window. *See* Doc. Nos. 1, 6, 9.

Neither Dublin's Complaint (Doc. No. 1), Motion to Vacate Arbitration Award (Doc. No. 6), or his Motion to Reconsider (Doc. No. 9) allege that the Western District of North Carolina is the district in which the arbitration award was made. To the contrary, Dublin contends that the arbitration was "seated in Concord, North Carolina (Cabarrus County)." Doc. No. 6 at 2. In his Motion to Reconsider, Dublin again asserted that "Concord, NC [is] the designated jurisdiction on file throughout the duration of the arbitration." Doc. No. 9 at 1. Thus, according to Dublin, venue properly lies in the Middle District of North Carolina–the district encompassing Cabarrus County–not the Western District of North Carolina.

3

But even if the Western District of North Carolina was the proper venue to hear the matter, Dublin is statutorily time-barred from bringing this action. The Federal Arbitration Act provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Dublin contends that although he filed the action outside of the statutorily permitted time frame, equitable tolling should apply because "[e]quitable tolling principles … apply where a litigant acts diligently yet is prevented from asserting their rights in a timely fashion due to extraordinary circumstance." *Id.* at 1–2. In support, Dublin asks the Court to review "Exhibit 1 … a comprehensive set of affidavits, declarations, and verified statements documenting … [his] ability to respond or file motions within … deadlines."[2] *Id.* at 2.

Courts are divided on whether this three-month limitation is subject to equitable exceptions. The Second Circuit, for example, has construed the deadline as "absolute." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–77 (2d Cir. 1984). The Fourth Circuit, by contrast, has expressed skepticism but has not definitively resolved the issue. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("The existence of [due diligence or equitable tolling] exceptions to § 12 is questionable, for they are not implicit in the language of the statute and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award.").

---

[2] Exhibit 1 contains two documents, including a "DECLARATION IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS" dated April 14, 2025, approximately three months *before* the arbitral award was made; and a "DECLARATION OF CONTINUING HARM" dated October 22, 2025. The latter explains that by being locked out of his storage unit, his son's asthma has been exacerbated, he has had to spend his money on food, shelter, and "after-school travel for [his son's] football activities," and that the stress has impacted his quality of life and ability to work. Doc. No. 9-1 at 6–7. While the declarations support the granting of an IFP due to financial hardship, it does not explain why he was unable to timely file suit and serve Wells Fargo.

4

Although the Court acknowledges Dublin's financial hardship (and indeed, granted his motion to proceed IFP), that hardship does not substitute for compliance with statutory deadlines. Even if equitable tolling might be a permissible exception (which the Court does not conclude), Dublin has not offered a compelling reason as to why he failed to file the matter–and to serve Wells Fargo–within the statutorily required three-month period.[3] Nor has he demonstrated any intervening change in law, newly discovered evidence, or clear error of law that would justify relief under Rule 59(e). His Motion to Reconsider merely reiterates arguments previously rejected.

Rule 60(b) likewise affords no relief. That rule provides an "extraordinary remedy" that sets aside the sanctity of a final judgment. *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). Dublin has not established grounds under Rule 60(b)(1)–(5), and relief under Rule 60(b)(6) is available only in "extraordinary circumstances" where necessary to accomplish justice. *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). No such circumstances are present here.

---

[3] In addition, although Dublin does not raise the argument in his Motion to Reconsider, he contends in his Motion to Vacate that equitable tolling should apply because he was actively litigating a "related Temporary Restraining Order proceeding in Wake County Superior Court … seeking to stay the same arbitration." Doc. No. 6 at 2. In *Taylor v. Nelson*, the Fourth Circuit confronted–and squarely rejected–a similar argument. There, after an arbitrator ruled against Taylor, instead of timely filing a motion to vacate in federal district court, he chose to instead pursue collateral proceedings in New York state court. By the time the state court deferred to the federal court's jurisdiction, the three-month statutory period under § 12 had expired. *Nelson*, 788 F.2d at 225–26. Although the district court initially granted Taylor's motion to vacate, the Fourth Circuit reversed, emphasizing that

> [d]uring the pendency of the New York proceeding, … nothing prevented Taylor from making a timely motion to the district court. Instead, Taylor awaited the state court's jurisdictional ruling, a choice that caused him to wait longer than three months before he made a motion to vacate, and a decision that has proven fatal to his attempt to overturn the arbitration award. Taylor remained free at all times to pursue the statutory remedy of § 12 within the time limits set out by that statute, and he is not entitled to the benefit of any due diligence or tolling exceptions to the three-month rule, even if such exceptions exist.

*Id.*

5

Finally, to the extent that Dublin is seeking to amend his Complaint, Rule 15 of the Federal Rules of Civil Procedure provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *Laber v. Harvey,* 438 F.3d 404, 428 (4th Cir. 2006)) (additional citation omitted). Because Dublin (for the reasons described above) would be entitled to no relief under any set of facts that could be alleged in support of his claims, the Court concludes that granting leave to amend would be futile.

In sum, Dublin has failed to establish any basis for the Court to alter or amend its prior judgment. His disagreement with the Court's ruling does not, however, standing alone satisfy the showing required under Rules 59 or 60. Accordingly, Dublin's Motion for Reconsideration will be denied.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 9) is **DENIED**; and
2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 7, 2025

Kenneth D. Bell
United States District Judge