IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00178-KDB-SCR

JORDAN DUBLIN,

Plaintiff,

v.

WELLS FARGO BANK N.A.,

Defendant.

**MEMORANDUM AND ORDER**

In June 2025, Plaintiff Jordan Dublin and Defendant engaged in an arbitration that resulted in an award in Defendant's favor. *See* Doc. No. 1. Approximately four months later, Dublin filed a Complaint in the Western District of North Carolina and moved to vacate the arbitration award. *See* Doc. Nos. 1, 6. The Court denied that motion because Dublin failed to show that the Western District of North Carolina was the district in which the arbitration award was made,[1] and failed to timely serve notice of the motion to vacate on the adverse party.[2] Dublin then sought reconsideration under Federal Rules of Civil Procedure 59(e) and 60, asserting "new evidence" and that equitable tolling should apply in light of his period of homelessness. *See* Doc. Nos. 7, 9. The Court denied the motion, concluding that Dublin had not cured either the jurisdictional defect

---

[1] 9 U.S.C. § 10 allows a court in the "district wherein the award was made" to vacate an award under certain circumstances. Dublin has failed to demonstrate that the arbitration award was made in the Western District of North Carolina. Indeed, he alleges the arbitration award was made in Concord, North Carolina, which is located in the Middle District of North Carolina. Doc. No. 6 at 2.

[2] 9 U.S.C. § 12 provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," and Dublin filed his motion to vacate on October 24, 2025, more than three months after the arbitration award date of July 9, 2025. *See* Doc. No. 1.

1

or the untimeliness of his filing, and has not demonstrated the type of extraordinary circumstances that might warrant consideration of equitable tolling—an exception the Fourth Circuit has expressed skepticism about in this context. Doc. No. 10. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("The existence of [due diligence or equitable tolling] exceptions to § 12 is questionable, for they are not implicit in the language of the statute and cannot be described as common-law exceptions because there was no common-law analogue to enforcement of an arbitration award.").

Now before the Court is Dublin's Motion to Alter or Amend the Judgment (Doc. No. 11), which Defendant Wells Fargo opposes. Dublin again invokes Rule 59(e) and advances the same arguments previously raised in his Motion to Reconsider. Rule 59(e) permits a party to request that a court "alter or amend a judgment," with "judgment" defined by Rule 54(a) to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(a). The rule applies only to final judgments, *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991), including orders dismissing an action.

The Fourth Circuit recognizes only three narrow grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "[M]ere disagreement" with a court's prior ruling does not suffice. *See Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019); *Hutchinson*, 994 F.2d at 1082. Indeed, the Fourth Circuit has emphasized relief under Rule 59(e) "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

Dublin contends that only prong three of Rule 59(e) is at issue. Doc. No. 11 at 3. As in his previous motion, he asserts that he was homeless from late 2023 through November 2025, with intermittent access to computing equipment and internet, which, in his view, prevented him from timely filing this matter. *Id.* at 3–4. Yet he also acknowledges that he stayed with a friend who provided transportation and financial support for several months in 2025, and later with an out of state family member beginning around June 2025. Doc. No. 1-2 at 39. He further asserts that he "did not elect to delay" filing this matter. *Id.* He explains that instead, he was "actively responding" to Defendant about "overlapping proceedings." *Id.* However, his demonstrated ability to participate in proceedings with Defendant and the state court during the relevant period confirms that, notwithstanding his housing and other instabilities, he remained capable of filing this matter (and providing notice to Defendant) within the three-month statutory window following entry of the arbitral award. Dublin likewise identifies no clear error of law that would warrant revisiting the Court's prior ruling to avert "manifest injustice." *Hutchinson*, 994 F.2d at 1081. Accordingly, for the reasons set forth above, and in the Court's prior Order denying Dublin's Motion to Reconsider (Doc. No. 10), the Court will deny the Motion with prejudice.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 11) is **DENIED** with prejudice; and

2. The Clerk is directed retain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 30, 2026

Kenneth D. Bell
United States District Judge